GEICO made a prima facie showing of entitlement to judgment as a matter of law by submitting evidence of plaintiff's 13-month delay in notifying it of the incident with the letter carrier (*see e.g. Tower Ins. Co. of N.Y. v Classon Hgts., LLC*, 82 AD3d 632, 634 [2011]). Plaintiff's contention that he had a reasonable excuse for failing to give timely notice because he acted in self-defense and did not think the letter carrier "would have the audacity to sue him," failed to raise a triable issue of fact (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 744 [2005]; *Tower Ins. Co.*, 82 AD3d at 634-635). Plaintiff's purported belief in nonliability was unreasonable as a matter of law, given that the police arrested him, not the letter carrier, for the incident and that he was indicted in federal court for assaulting the letter carrier. Concur—Tom, J.P., Sweeny, Acosta, Renwick and Román, JJ.

■ In the Matter of SERGIO G., a Person Alleged to be a Juvenile Delinquent, Appellant. [937 NYS2d 854]—

The placement was a proper exercise of the court's discretion that constituted the least restrictive alternative consistent with appellant's needs and best interests and the community's need for protection (*see Matter of Katherine W.*, 62 NY2d 947 [1984]). The court followed the recommendations of Mental Health Services and the Department of Probation. Appellant had two prior delinquency adjudications, and the current offense occurred while he was already in custody on one of those adjudications. These factors outweighed the mitigating factors cited by appellant. Concur—Tom, J.P., Sweeny, Acosta, Renwick and Román, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEWTON KINSEY, Appellant. [938 NYS2d 494]

Concur—

Tom, J.P., Sweeny, Acosta, Renwick and Román, JJ.

■ ADAM PAUL PLOTCH, Appellant, v 375 RIVERSIDE DRIVE OWNERS, INC., et al., Respondents. [938 NYS2d 524]—

The terms of sale for the purchase of the cooperative apartment unit unambiguously stated that the balance of the purchase price must be paid within 30 business days from the date of sale, and that "time is of the essence" with respect to the closing date. Contrary to plaintiff purchaser's contention, the lack of a date certain in the terms of sale did not render the "time is of the essence" provision invalid or unenforceable. Because the record establishes that plaintiff failed to submit the balance of the purchase price within 30 days of the auction, the court properly determined that plaintiff breached the terms of sale and that defendant cooperative was entitled to retain the down payment as liquidated damages (*see Grace v Nappa*, 46 NY2d 560, 565 [1979]; *see also Chaves v Kornfeld*, 83 AD3d 522 [2011]).

The terms of sale contained an "unambiguous non-waiver clause[ ] that courts uniformly enforce" (*Rosenzweig v Givens*, 62 AD3d 1, 7 [2009], *affd* 13 NY3d 774 [2009]). In any event, plaintiff has failed to identify any words or conduct that unequivocally evinced defendants' intent to waive his contractual obligations under the terms of sale (*see Taylor v Blaylock & Partners*, 240 AD2d 289, 290 [1997]).

The liquidated damages clause is valid and enforceable, and entitled the cooperative to retain plaintiff's down payment upon his failure to timely pay the balance of the purchase price or diligently submit his application to the cooperative (*see Atlantic Dev. Group, LLC v 296 E. 149th St., LLC*, 70 AD3d 528, 529 [2010]).